# In the United States Court of Federal Claims

No. 22-1617C

(Filed: December 1, 2022)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| **LYLE JENNINGS,** | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) |

*Lyle Jennings*, Columbus, OH, *pro se*.

*Liridona Sinani*, Civil Division, United States Department of Justice, Washington, D.C., for Defendant.

**OPINION AND ORDER**

*SOLOMSON*, **Judge.**

On October 25, 2022, Plaintiff, Lyle Jennings, a resident of Columbus, Ohio, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1. ("Compl."). That same day, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. On November 1, 2022, the Court granted Plaintiff's IFP request and stayed this action to evaluate it, *sua sponte*, for probable lack of jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 6.

Plaintiff alleges that a New Albany, Ohio, police officer violated Plaintiff's "Constitutional, Federal and State rights" during a traffic stop. Compl. at 2–3.[1] Plaintiff contends that the officer "unjustly pulled [Plaintiff] over for [a] motor vehicle equipment

---

[1] The facts alleged in Plaintiff's complaint are assumed to be true, and do not constitute factual findings by the Court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019).

violation" and "tried to coerce [him] into rolling up [his] window" to "measure the window tint." *Id.* at 2.  Plaintiff further claims that the officer "threatened to take [him] to jail for obstruction" when he refused to "roll up" his window, and "proceeded to forcefully open [Plaintiff's] door and roll the window up himself." *Id.*  Plaintiff asserts that during this interaction, the officer violated Plaintiff's "rights" under the Fourth, Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments of the United States Constitution, Sections 109.803 and 2927.12 of the Ohio Revised Code, Article I, Section 16 of the Ohio Constitution, and 18 U.S.C. §§ 241, 242 and 245.  *Id.*  Plaintiff also contends that he made a "public information" request on August 10, 2022, for copies of New Albany Police Department personnel files from the City of New Albany, but a "New Albany employee tried to discourage [him] from receiving the[] records and [he] still has not received the[] records" in violation of his "due process" rights.  *Id.* at 2–3.  Finally, Plaintiff alleges that the police redacted the "body cam and dash cam" video of the traffic stop, "[w]hich violates redaction law of personal interest" and is evidence that the City of New Albany "covered up this behavior."  *Id.*

Plaintiff seeks $8,400,000 in punitive damages from the City of New Albany and the City of New Albany Police Department.  Compl. at 3.

Plaintiff is proceeding *pro se*, and this Court holds a *pro se* plaintiff's pleadings to "less stringent standards."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Nevertheless, "even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met."  *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 F. App'x 860 (Fed. Cir. 2004)).  "It is well-established that the plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence."  *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  In the absence of subject-matter jurisdiction, the Court "must dismiss the action."  RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

The Tucker Act, which defines this Court's jurisdiction, "gives the Court authority to render judgment on certain monetary claims against the United States."  *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)).  The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions."  *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004) (citing 28 U.S.C. § 1491(a)(1)).  The Tucker Act, however, "does not create a substantive cause of action."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).  Rather, "a plaintiff must [also] identify a separate source of substantive law that creates the right to money damages."  *Id.* (first citing *United States v. Mitchell*, 463 U.S.

2

206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967).

For the reasons explained below, the Court dismisses, *sua sponte*, Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

*First*, the Tucker Act limits this Court's jurisdiction to claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[T]he Court of [Federal] Claims . . . jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)). In that regard, the Court is precluded from hearing claims "against states, localities, state and local government officials, . . . or state employees." *Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014); *see also Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Accordingly, the Court has no jurisdiction to hear Plaintiff's claims against the City of New Albany, the New Albany Police Department, or any state or local officials.

*Second*, to the extent that Plaintiff alleges claims against the United States, Plaintiff "d[oes] not assert any claims deriving from money-mandating sources of law not sounding in tort" that would place Plaintiff's claims within this Court's jurisdiction. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015). Thus, insofar as Plaintiff seeks to hold the United States liable for other harm he has allegedly suffered, such claims "sound[] in tort" and are outside this Court's jurisdiction. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." (citing 28 U.S.C. § 1491(a)(1))); *see also Kaye v. United States*, 513 F.2d 638 (Ct. Cl. 1975) ("To the extent that plaintiff asks for damages . . . for alleged wrongful acts of government officers in . . . depriving him of alleged rights, the suit[] sounds in tort and cannot be maintained in this court.").

*Third*, "[c]laims founded on state law," including those arising under state constitutions, "are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007); *Kurt v. United*

*States*, 103 Fed. Cl. 384, 388 (2012) ("[T]he Tucker Act only provides for jurisdiction for claims arising under the United States Constitution, not state constitutions."). Therefore, this Court does not have the authority to adjudicate Plaintiff's claims that are predicated on Ohio state or constitutional law.

*Fourth*, to the extent that Plaintiff seeks to hold the United States liable for criminal acts such as "ethnic intimidation," Ohio Rev. Code Ann. § 2927.12, conspiracy against civil rights, 18 U.S.C. § 241, deprivation of civil rights under color of law, 18 U.S.C. § 242, or violent interference with federally protected rights, 18 U.S.C. § 245, this Court also lacks jurisdiction over such claims. *See Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (noting that the Court of Federal Claims "has no jurisdiction over criminal matters generally" (citing 28 U.S.C. § 1491)). Furthermore, this Court may not "adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Therefore, Plaintiff's claims concerning alleged criminal acts must be dismissed.

*Finally*, Plaintiff's constitutional claims are similarly outside this Court's jurisdiction. This Court does not have subject-matter jurisdiction to decide due process claims or actions arising under the Fourth, Thirteenth, and Fifteenth Amendments. *See Maxberry v. United States*, 722 F. App'x 997, 1000 (Fed. Cir. 2018) ("The Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments, and the Due Process clauses of the Fifth and Fourteenth Amendments, because they are not money-mandating.").

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint. The Clerk of the Court shall enter **JUDGMENT** for the government.

**IT IS SO ORDERED**.

s/Matthew H. Solomson<br>
Matthew H. Solomson<br>
Judge